IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA  DIVISION

| | | |
|---|---|---|
| TERRION WILSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | Civil Action File No. |
| | : | 7 : 09-CV-75 (HL) |
| FRED BURNETTE, Warden, | : | |
| | : | |
| Respondent. | : | |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner *habeas corpus* petition is respondent's motion to dismiss the petition as being untimely filed (Doc. 7).

On September 22, 1998, Petitioner Terrion Wilson was convicted in Tift County after a jury trial of armed robbery. He was sentenced as a recidivist to life imprisonment without parole. Petitioner appealed his conviction and sentence with assistance of counsel, and they were affirmed on August 21, 2002. *Wilson v. State*, 257 Ga. App. 113, 570 S.E.2d 416 (2002). He did not seek further appellate review.

On April 30, 2003, Petitioner executed a state habeas corpus petition, challenging his Tift County convictions, which was formally filed in the Telfair County Superior Court on May 12, 2003. (Resp. Ex. 1). After an evidentiary hearing, the petition was denied on December 1, 2003. (Resp. Ex. 3). Petitioner did not file an application for certificate of probable cause to appeal the denial of state habeas corpus relief in the Georgia Supreme Court.

On November 14, 2007, Petitioner filed a motion to vacate void judgment in the Tift County Superior Court. (Doc. 1, p. 4). The motion was denied on November 19, 2007. (Doc. 1, p. 5). Petitioner appealed the denial of the motion, and it was denied on March 27, 2008. *Wilson v. State*,

No. A08A1296 (Ga. App. Mar. 27, 2008). Petitioner then filed a certiorari application with the Georgia Supreme Court on May 5, 2008; however, the appellate court dismissed it as untimely filed on September 8, 2008. *Wilson v. State*, No. S08C1430 (Ga. Sept, 8, 2008).

Petitioner executed this federal habeas corpus petition on June 7, 2009, challenging his Tift County conviction. Respondent moves to dismiss the petition as untimely.

Respondent moves to dismiss the petition as untimely based upon the one-year statute of limitations under 28 U.S.C § 2244(d). On April 24, 1996, the one-year period of limitations for state prisoners seeking federal habeas corpus relief, enacted as part of the AEDPA, went into effect. *Lindh v. Murphy*, 521 U.S. 320 (1997);

Section 2244(d) of the AEDPA provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A conviction is "final" for habeas corpus review when direct review has concluded or the time for seeking further appellate review has expired. *Clay v. United States*, 537 U.S.522, 527(2003).

The Georgia Court of Appeals affirmed Petitioner's convictions and sentences on August 21, 2002. The 10-day period in which he was required to file a notice of intent to seek certiorari in the Georgia Supreme Court, pursuant to Rule 38 of both the Court of Appeals and the Georgia Supreme

Court, if he wanted to seek further appellate review, expired on August 31, 2002. Thus, his conviction was "final" on that same date. Petitioner then filed his state habeas petition on April 30, 2003. Thus, 242 days of the one year period ran.

The state habeas court denied relief on December 1, 2003. Petitioner did not pursue his appellate avenues from that ruling, and the 30-day period for filing the application for a certificate of probable cause to appeal the habeas court's ruling expired on December 31, 2003. The remaining 123 days of Petitioner's one the one-year period expired on or about May 4, 2004.
Petitioner then waited until November 14, 2007, to file his motion to vacate void judgment in the trial court which was another 1,444 days. Petitioner filed his federal petition on June 7, 2009.

Petitioner contends that he should be given equitable tolling, based upon his claims of actual innocence. In *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir.1999), the United States Supreme Court stated that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik*, 177 F.3d at 1271.

While equitable tolling is an "extraordinary remedy which is typically applied sparingly..... it can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir.2001); *see also Sandvik*, 177 F.3d at 1271. (holding that the limitations period may be equitably tolled where "a movant untimely files because of *extraordinary circumstances* that are both beyond his control and *unavoidable even with diligence* " (emphasis added)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."

Because of the difficult burden, this Court has rejected most claims for equitable tolling. See, e.g.,

3

*Johnson v. United States*, 340 F.3d 1219 (11th Cir.2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); Helton, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); *Steed v. Head*, 219 F.3d 1298 (11th Cir.2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); *Sandvik, supra* (holding that attorney negligence will not warrant equitable tolling).

However, petitioner offers no explanation of the large gap in time between August of 2002 and November of 2007 in which absolutely nothing was pending. He offers no example of his due diligence during that time. Petitioner offers the fact that he has exhausted state remedies as proof of his due diligence; again, however, he offers no explanation of the several years in which he was not pursuing any remedies. It is clear that petitioner did not timely file the instant petition. There are several years in which nothing was pending in his appellate and collateral review process.

**WHEREFORE, IT IS RECOMMENDED** that respondent's motion to dismiss the petition as untimely be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS of receipt thereof.

**SO RECOMMENDED**, this 7th day of January, 2010.

            **S/ G. MALLON FAIRCLOTH**
            **UNITED STATES MAGISTRATE JUDGE**

msd